UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **LELAND FOSTER**, <br><br> Plaintiff, <br><br> v. <br><br> **GRAND DAYS HOSPITALITY, INC.**, a Michigan corporation for profit, <br><br><br> Defendant. | Case No. 1:22-cv-929 <br><br> Judge: |

## COMPLAINT FOR EQUITABLE RELIEF

Plaintiff, LELAND FOSTER, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant **Grand Days Hospitality, Inc.**, a Michigan corporation for profit for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

1

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government, and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Western District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, LELAND FOSTER ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **GRAND DAYS HOSPITALITY, INC.** operates and owns a Best Western Hospitality Hotel & Suites located at 5500 28th St SE, Grand Rapids, MI 49512 in Kent County. Plaintiff has patronized Defendant's hotel and business previously as a place of public accommodation.

6. Upon information and belief, the facilities owned by **GRAND DAYS HOSPITALITY, INC.** are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a hotel and place of public accommodation fails to comply with the ADA and its

regulations, as also described further herein.

7. Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

8. Plaintiff has at minimum twice been an overnight hotel guest at the property that forms the basis of this lawsuit, most recently on or about July 27, 2022, and he plans to return to the property to avail himself of the goods and services offered to the public at the property.

9. Plaintiff is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community in western Michigan which is what brought him to Grand Rapids on this occasion. Leland Foster travels to the area to participate in adaptive sporting, has friends in the area whom he socializes with regularly, and frequents many establishments in the Kent County regiont.

10. During the Plaintiff's most recent overnight stay on the date of July 27, 2022, as well as his previous stays, Plaintiff encountered architectural barriers at the subject property that violate the ADA and its regulations.  The barriers to access at the property have endangered Plaintiff's safety.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in

violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the Best Western Hospitality Hotel & Suites, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Parking and Accessible Routes

    A. The entrance to the hotel is sloped and lacks a level landing for guests who use wheelchairs, in violation of the ADA whose remedy is readily achievable.

    B. Access aisles at designated accessible parking spaces do not lead to an accessible route due to curbs and changes in level or locked entrances, in violation of the ADA whose remedy is readily achievable.

    C. There is no designated accessible route from the designated accessible parking to the entrance as the sidewalk does not connect to the entrance, in violation of the ADA whose remedy is readily achievable.

    D. Access aisles do not extend the full length of the parking spaces they serve and also lead an accessible route, in violation of the ADA whose remedy is readily achievable.

E. The ramp to the sidewalk extends into an access aisle, in violation of the ADA whose remedy is readily achievable.

F. There are cracks and changes in level in excess of ¼ inch along the route from the designated accessible parking to the entrance, in violation of the ADA whose remedy is readily achievable.

G. There is no marked passenger loading zone access aisle, in violation of the ADA whose remedy is readily achievable.

Type and Number of Designated Accessible Guestrooms

H. The Defendant's hotel offers varied types, prices and classes of lodging options including two queen, one king, and suites, but does not disperse accessible accommodations among the types. These offers varying square footage and amenities available only to able bodied guests. However, guests who require accessible accommodations are restricted to fewer room classes (single Queen room) and fewer guestroom amenities, whereas able-bodied patrons and guests have access to reserve and stay at the full range of room classes. This is in violation of the ADA and its remedy is readily achievable.

I. Upon information and belief, the hotel has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 120 guestrooms such as this Best Western, there must be a minimum of 5 mobility accessible guestrooms without a roll-in shower and a minimum of 2 of mobility accessible guestrooms with a roll-in shower, totaling 7 designated mobility accessible guestrooms.

The Designated Mobility Accessible Guestroom #103 (roll-in shower)

J. Signage for the guestroom does not contain the international symbol of accessibility identifying it as a guestroom equipped with mobility features, in violation of the ADA whose remedy is readily achievable.

K. The viewing hole in the door is located above the allowable height, in violation of the ADA whose remedy is readily achievable.

L. The door to the room lacks required maneuvering clearance at the latch side to exit, in violation of the ADA whose remedy is readily achievable.

M. The opening for the closet does not meet the required width, in violation of the ADA whose remedy is readily achievable.

N. Drawer hardware in the room requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

O.  The curtain adjuster is located above allowable reach range and requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

P.  Door hardware to the adjoining room requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

Q.  The lock to the adjoining room is located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

R.  The bathroom door contains hardware and lock mechanism that requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

S.  The robe hook on the bathroom door is located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

T.  The rear grab bar around the water closet does not meet the required length, in violation of the ADA whose remedy is readily achievable.

U.  There is not the required clear floor space around the water closet for a wheel chair user, in violation of the ADA whose remedy is readily achievable.

V.  There is a grab bar mounted behind the fixed seat in the roll-in shower, in violation of the ADA whose remedy is readily achievable.  This causes the fixed shower seat to be difficult or unable to be used when the grab bar pokes onto your back.

W.  Shower controls are not located on the back wall of the roll-in shower, in violation of the ADA whose remedy is readily achievable.  The controls cannot be reached or operated from the fixed shower seat location.

X.  Shower faucet controls require tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

Y.  The handheld sprayer is located above allowable reach range and is not equipped with on/off, in violation of the ADA whose remedy is readily achievable.

Z.  The lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

AA.  The shower seat does not have the required width or dimensions, in violation of the ADA whose remedy is readily achievable.

<u>The Designated Mobility Accessible Guestroom #105 (bathtub)</u>

BB.  Signage for the guestroom does not contain the international symbol of accessibility identifying it as a guestroom equipped with mobility features, in violation of the ADA whose remedy is readily achievable.

CC. The door to the room lacks required maneuvering clearance at the latch side to exit, in violation of the ADA whose remedy is readily achievable.

DD. The opening for the closet does not meet the required width, in violation of the ADA whose remedy is readily achievable.

EE. Drawer hardware in the room requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

FF. The curtain adjuster is located above allowable reach range and requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

GG. Furniture blocks the clear floor space to access the temperature controls, in violation of the ADA whose remedy is readily achievable.

HH. Furniture blocks the clear width of the route to access the bed, in violation of the ADA whose remedy is readily achievable.

II. The bathroom door contains hardware that requires tight grasping or twisting to operate and to lock, in violation of the ADA whose remedy is readily achievable.

JJ. The robe hook on the bathroom door is located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

KK. The rear grab bar around the water closet does not meet the required length and does not extend 24 inches beyond centerline of the toilet, in violation of the ADA whose remedy is readily achievable.

LL. The water closet has a flush control that is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

MM. The location of the towel rack impedes use of the rear grab bar, in violation of the ADA whose remedy is readily achievable.

NN. The toilet paper dispenser is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

OO. The shower sprayer is located above allowable reach range and is not equipped with non-positive shutoff, in violation of the ADA whose remedy is readily achievable.

PP. Faucet controls are not located between the rim and the centerline of the tub, in violation of the ADA whose remedy is readily achievable.

QQ. Faucet controls require tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

RR. Bathtub grab bars are non-compliant as well as some required grab bars are missing, in violation of the ADA whose remedy is readily achievable.

SS. There is no fixed or removable tub seat, in violation of the ADA whose remedy is readily achievable.

Lobby Restrooms

TT. The urinal in the men's restroom lacks required clear floor space for a forward approach, in violation of the ADA whose remedy is readily achievable.

UU. The men's restroom lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

VV. The men's restroom toilet compartment entirely lacks a rear grab bar, in violation of the ADA whose remedy is readily achievable.

WW. The men's restroom water closet flush control is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

XX. The men's restroom toilet compartment does not have the required 60 inches of clear floor space around the water closet, in violation of the ADA whose remedy is readily achievable.

YY. The men's restroom water closet seat height is below the required height range, in violation of the ADA whose remedy is readily achievable.

ZZ. The coat hook inside the men's restroom toilet compartment is located in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

AAA. The men's restroom toilet compartment door is not self-closing and lacks door pulls on both sides, in violation of the ADA whose remedy is readily achievable.

BBB. The men's restroom signage is not located alongside the door as required, in violation of the ADA whose remedy is readily achievable.

CCC. Upon information and belief, the women's restroom has similar barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

DDD. There is a lowered portion of the hotel registration counter, however it still exceeds required maximum height range, in violation of the ADA whose remedy is readily achievable.

    EEE.    Items in the breakfast area are located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

    FFF.    The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

15.    The discriminatory violations described in Paragraph 14 by Defendant **GRAND DAYS HOSPITALITY, INC.** are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**

16.    Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17.    The hotel at issue, as owned and operated by **Grand Days Hospitality, Inc.**, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with

      Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

<u>COUNT II</u>
**VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
M.C.L. § 37.1301 *et seq*.**

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. **Grand Days Hospitality, Inc.** operates a "place[s] of public accommodation" pursuant to

M.C.L §37.1301(a).

23. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendant has denied Mr. Foster and others with mobility impairment handicap compliant transient lodging without undertaking readily achievable barrier removal. And in the primary purpose of bathing in one's guestroom the rooms offered have many barriers to Mr. Foster and other wheelchair users.

24. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
dunnlawoffice@sbcglobal.net